## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TARA KITZINGER<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910[1]<br><br>　　　PLAINTIFF,<br><br>v.<br><br>CHEZ JOEY, LLC<br>415 E. Baltimore Avenue<br>Baltimore, Maryland 21202<br><br>SERVE: Ernest Hatmaker<br>721 La Kengren Cove<br>Eaton, Ohio 45320<br><br>And<br><br>ERNEST HATMAKER<br>721 La Kengren Cove<br>Eaton, Ohio 45320<br><br>　　　DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*　Case No.: _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

***************************************************************************

## COMPLAINT

Plaintiff Tara Kitzinger ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against Defendants Chez Joey, LLC d/b/a Chez Joy Exotic Dance Club located at 415 E. Baltimore Avenue Baltimore, Maryland 21202 ("Chez Joey") and its sole owner, member, and operator Ernest Hatmaker ("Hatmaker") (together, "Defendants") to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.*

---

[1] To avoid retaliation, Plaintiff has used her counsel's address.

## PARTIES AND JURISDICTION

1. By acting as the named Plaintiff in this action, Plaintiff hereby consents to participate as a Plaintiff in an FLSA action and to recover all damages sought under Federal and Maryland state law.

2. Chez Joey is a limited liability company formed under the laws of the State of Maryland with its principal place of business located in Baltimore City, Maryland.

3. At all times, Hatmaker, individually was the sole owner, member, and operator of Chez Joey. In this capacity, Hatmaker individually managed and oversaw the day-to-day operation of Chez Joey, supervised, hired, and fired the employees at Chez Joey, set schedules, payroll policies, and pay rates for the employees at Chez Joey, and personally maintained all employment related documents for all employees at Chez Joey.

4. At all times, Defendants did business as an exotic dance club in Baltimore City, Maryland.

5. At all times, both Defendants qualified as Plaintiff's "employer" for purposes of the FLSA, MWHL, and MWPCL.

6. At all times, Defendants was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff handled the cash register including credit card payments and telephone communications and was otherwise an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. Plaintiff was employed by Defendants to perform bartender and related work duties at the Chez Joey exotic dance club in Baltimore, Maryland for the period of about June 2015 through about August 2016 (about 60 weeks).

11. While employed, Plaintiff typically worked five (5) to seven (7) shifts per week for a total average of about thirty-six (36) hours per week.

12. For all hours that Plaintiff worked, Defendants paid Plaintiff no wages.

13. For the last month and one-half of Plaintiff's employment, Defendants charged Plaintiff a $10.00 per shift kickback fee to work.

14. At all times, the hourly rate that Defendants paid (or failed to pay) Plaintiff was less than the Federal and Maryland Minimum Wage.

15. At all times, Defendants had actual knowledge of the Federal and Maryland Minimum Wage and had actual knowledge that the method by which Defendants paid (or failed to pay) Plaintiff was in direct violation of the Federal and Maryland Minimum Wage laws.

16. Defendants now owe Plaintiff unpaid minimum wage compensation in the amount of about $20,000.00.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

17. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

18. At all times, Defendants were obligated to pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage.

19. At no time did Defendant pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage.

20. Defendant's failure to pay compensation to Plaintiff as required by the FLSA was with actual knowledge of unlawfulness, was willful and intentional, and not in good faith.

WHEREFORE, Defendants is liable, jointly and severally, to Plaintiff for unpaid wages in such an amount as is proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of Maryland Wage and Hour Law

21. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

22. At all times, Defendants were obligated to pay Plaintiff at an hourly rate at least equal to the Maryland Minimum Wage.

23. At no time did Defendants pay Plaintiff at an hourly rate at least equal to the Maryland Minimum Wage.

24. Defendants' failure to pay compensation to Plaintiff as required by the MWHL was with actual knowledge of unlawfulness, was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in such an amount as is proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### (Violation of the Maryland Wage Payment and Wage Collection Law)

25. Plaintiff re-alleges and reasserts every allegation set forth above as if each were set forth herein.

26. Under MWPCL, Defendants, as Plaintiff's employer, was obligated to pay Plaintiff all wages due under Maryland law on time and when wages were due for work performed.

27. Without legal excuse or justification, Defendants failed to pay Plaintiff all wages due under Maryland law for work duties performed as described above.

28. Defendants' failure to pay Plaintiff all wages due for work performed and as required by Maryland law is in direct violation of the MWPCL, was done with actual knowledge of unlawfulness, was willful and intentional, was not the result of any *bona fide* dispute between, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III in the amount of all unpaid wages owed to Plaintiff in such an amount as is proven at trial, plus two times (2x) times the amount of unpaid wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

_____
Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 240-839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*